IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Criminal No. 3:06-CR-347-D |
| § | |
| WILLIAM FRANK McARTHUR III, M.D., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Defendant William Frank McArthur III, M.D. ("McArthur") has filed several pretrial motions.[1] On January 26, 2007 he filed the following motions: (1) for disclosure on unindicted coconspirator, codefendant, or other witnesses; (2) to compel retention of government agents' notes; (3) for disclosure of grand jury transcript; (4) for disclosure of impeaching and exculpatory evidence; (5) for discovery and inspection; (6) for hearing on voluntariness of any admission or confession; (7) for list of witnesses; (8) for preservation of notes and tape recordings; and (9) for preservation of evidence. On February 16, 2007 he filed (10) a motion for bill of particulars.[2] And on May 3, 2007 he filed (11) a motion for production and disclosure of computer hard drives. The government has filed a February 2, 2007 request for discovery and inspection.[3] The court addresses the foregoing motions and request in this memorandum opinion and order.

---

[1]This case was transferred to the undersigned's docket on May 29, 2007.

[2]The government has not responded to this motion.

[3]McArthur has not responded to this request.

I

*Motion for Disclosure on Unindicted Coconspirator,
Codefendant, Or Other Witnesses*

McArthur moves for discovery of any promises or plea negotiations entered into between counsel for the government and any codefendant, unindicted coconspirators, or other witness called by the government (or any other codefendant), or the witness's attorney (or any other agent), regardless whether government counsel knows that the promise or negotiation has been communicated to the codefendant, unindicted coconspirator, or other witness. He also seeks disclosure of the criminal cases (whether investigatory, preindictment, indicted, or any information) currently pending against any codefendant, unindicted coconspirator, or other witness called by the government, and the criminal record of such witness, including all arrests. And he seeks disclosure of the criminal activities of any codefendant, unindicted coconspirator, or other witness called by the government, of which the government is aware, regardless whether currently under investigation by law enforcement agencies, and any prior convictions of any codefendant, unindicted coconspirator, or other witness called by the government.

The government maintains as a threshold matter that it understands its duties and obligations under the Rules and cases and has provided, or will timely provide, all discovery to which McArthur is entitled. It specifically addresses its position concerning its disclosure obligations under Fed. R. Crim. P. 16 and 26.2; the Jencks Act, 18 U.S.C. § 3500; and *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. And it opposes McArthur's discovery requests to the extent they exceed the government's obligations under the Rules and the case law.

Turning to McArthur's motion, the government notes that it is aware of its obligations under

the Jencks Act and Rule 26.2 and states that it will comply with those obligations and the court's orders. Concerning witnesses whom the government intends to call, the government agrees to disclose any agreements and promises it has made to the witnesses and to disclose their felony and moral turpitude misdemeanor convictions. The government opposes the balance of McArthur's motion.

The court denies McArthur's motion as moot to the extent the government has agreed to the relief requested. The court grants the motion to the extent that *Brady*, *Giglio*, Rule 16, and Rule 26.2 also require disclosure. The government must comply with its discovery obligations no later than the deadline specified *infra* at § XI.

II

*Motions to Compel Retention of Government Agents' Notes,
for Preservation of Notes and Tape Recordings, and
for Preservation of Evidence*

McArthur moves the court to order the government to retain its agents' notes so that the government can comply with its obligations under the Jencks Acts. He also moves the court to require the government to preserve handwritten notes and tape recordings of government agents and of government attorneys who have recorded statements of agent and non-agent witnesses who will testify for the government and that constitute "statements" under the Jencks Act, *Giglio*, and *Brady*. As part of the motion, he asks that the court require that all notes and recordings be preserved, that the court conduct an inquiry to determine specifically what handwritten notes or tape recordings exist, and that the court review *in camera* and inspect all such notes or recordings and file them with the clerk so that there will be an adequate record for appellate review. McArthur also moves to preserve evidence, tangible papers, or other information relating to this case in any manner,

including, without limitation, the matters requested in his various pretrial motions. He provides three categories of illustrative materials to be preserved.

The government responds that its counsel has instructed the agents, officers, and investigators assigned to McArthur to retain their notes. It maintains, however, that rough notes are exempted from disclosure under Rule 16(a)(2) and are not otherwise discoverable. The government contends that considering its intention to preserve all such notes, and because McArthur's request encompasses materials that are not subject to disclosure, the motions should be denied as moot.

The court agrees that McArthur's motions are in part moot to the extent the government has agreed to preserve all agent notes. But the motions request additional relief that the court must address. The court expects the government to disclose any agent notes to the extent required to do so by *Brady* or *Giglio*. Further, if an agent's notes include material that qualifies as a "statement" under the Jencks Act, disclosure of that statement must be made. And if the government possesses handwritten notes and tape recordings of government agents and of government attorneys who have recorded statements of agent and non-agent witnesses who will testify for the government, and has not disclosed them to McArthur, in whole or in part, the government must no later than the pretrial conference tender them *in camera* to the court so that it can inspect them for possible additional disclosures and preserve them for appeal, if necessary. To the extent McArthur's motions seek more than is granted here, they are denied.


III

*Motion for Disclosure of Grand Jury Transcript*

McArthur moves the court to permit him to inspect and copy the entire transcript and minutes of the grand jury proceedings relating to all witnesses who testified before the grand jury and whom the government expects to call as witnesses at a suppression hearing or at trial. The government responds that it will comply with the Local Rules and federal authorities to disclose the statements of witnesses whom it intends to call as witnesses. It opposes the motion to the extent it exceeds these authorities.

The court expects the government to comply with its disclosure obligations under *Brady, Giglio*, Rule 26.2, and the Jencks Act. To the extent McArthur seeks greater relief, the court denies the motion. Grand jury transcripts are generally not discoverable. *See* Rule 16(a)(3); *United States v. Procter & Gamble Co.,* 356 U.S. 677, 681 (1958). Moreover, McArthur has neither shown that the need for disclosure outweighs the need for continuing secrecy, *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 223 (1979), nor has he shown with particularity a need for such disclosure, *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 400 (1959).

IV

*Motion for Disclosure of Impeaching and Exculpatory Evidence*

McArthur moves for disclosure of six categories of materials that he contends are impeaching or exculpatory. In response, the government states that it recognizes its obligations under *Brady, Giglio, United States v. Agurs*, 427 U.S. 97 (1976), and their progeny. It opposes the motion to the extent it seeks to impose additional disclosure obligations that exceed these requirements.

The court denies the motion as moot to the extent the government has agreed to comply with *Brady* and *Giglio*. The government must also comply with Rules 16 and 26.2, and it must comply with all discovery obligations no later than the deadline specified *infra* at § XI. To the extent McArthur seeks relief that is greater than what the foregoing authorities and this order requires, the motion is denied.

V

*Motion for Hearing on Voluntariness of Any Admission or Confession*

McArthur moves the court to excuse the jury before evidence of any admissions or confessions, written or oral, made by him, are offered. He requests that the government be instructed not to solicit such evidence until the court has conducted a hearing and made a ruling outside the jury's presence. The government responds that it is unaware of any admissions or confessions that McArthur made following his arrest and that he has failed to articulate how any statement violated his constitutional rights. It refers specifically to an interview of McArthur conducted by investigators in September 2005, after McArthur was served with an administrative show cause order, and it posits that before and during the statement, McArthur was neither arrested, handcuffed, in custody, nor confronted by agents brandishing weapons, and he was not deprived of his freedom.

The court denies McArthur's motion. If he has a basis to suppress a statement, that issue must be raised by a timely motion to suppress. His motion for a hearing is insufficient to qualify as a suppression motion, and the court declines to preclude the government from offering evidence of an admission or confession that McArthur has not challenged by a timely pretrial suppression motion. The motion is therefore denied.

VI

*Motion for List of Witnesses*

McArthur moves the court to require that the government provide a list of witnesses (with the name and address) of every person whom the government interviewed as a prospective, possible, or potential trial witness; of every person whom the government does not intend to call at trial in its case-in-chief; of every expert whom the government intends to call at trial in its case-in-chief; of every person whom the government interviewed regarding the background, habits, activities, and whereabouts of McArthur; and a statement whether any informant was used in the investigation or preparation of this case and, if so, a list of the names and addresses of the informants. The government objects to McArthur's request to identify nonwitnesses and to identify informants.

To the extent the government has agreed to disclose information regarding government witnesses, the motion is denied as moot. The court expects the government to timely file the list of witnesses required by N.D. Tex. Crim. R. 16.1(b) and the court's scheduling order, and to comply with its obligations under *Brady*, *Giglio*, and the Jencks Act by the deadline set forth *infra* at § XI. The government must also make the expert witness disclosures required under Rule 16(a)(1)(G).

It is not clear from the government's response whether there are informants who will be called as trial witnesses. If there are, the court will apply the balancing test that governs disclosure of an informant's identity. The public's interest in protecting the free flow of information and the informants' safety and security must be weighed against the defendant's right to prepare a defense. *Roviaro v. United States,* 353 U.S. 53, 62 (1957). The privilege against disclosing informants is limited when it is unfair to the defendant. If information will not reveal the identity of an informant, or the informant's identity is relevant to the defense of the accused, the privilege must give way.

*Id.* at 60-61.

The Fifth Circuit has established a three-prong test to determine the applicability of the informant's privilege. *See United States v. De Los Santos,* 810 F.2d 1326, 1331 (5th Cir. 1987). The court must first consider the extent of the informant's involvement in the criminal activity. *Id.* If, for example, the informant was an essential participant in the crime and could provide testimony as to a material issue in the case, disclosure should be compelled. Second, the court must evaluate the extent to which disclosure is relevant and helpful to the defense of the accused. "[M]ere conjecture or supposition about the possible relevancy of the informant's testimony" is insufficient to compel disclosure. *Id.* (*quoting United States v. Gonzales,* 606 F.2d 70, 75 (5th Cir. 1979)). Last, the court must weigh the government's interest in preserving the informant's anonymity. The informant's personal safety and future usefulness to authorities are the main criteria that the court must consider. *Id.*

Pursuant to *De Los Santos,* the court will conduct an *in camera* review of a government written submission addressing the three-part test. The government must either submit in writing that no informant is involved in this case or must disclose *ex parte* to the court a list of any informants and address its reasons for nondisclosure. The government must comply with this disclosure requirement by the deadline set forth *infra* at § XI. The government is not excused, of course, from complying with its obligations under *Brady* and *Giglio* and with all requirements that apply should an informant be used as a trial witness.

VII

*Motion for Discovery and Inspection*

McArthur moves for discovery and inspection of 18 general categories of documents and information. The government responds that it agrees to comply with its discovery obligations under Rules 16 and 26.2, the Jencks Act, and *Brady* and *Giglio* and their progeny.

Because the government has agreed to provide all discoverable evidence required by the foregoing authorities, McArthur's motion is denied to that extent as moot. The government must comply with these obligations by the deadline set forth *infra* at § XI. Some of the requests that McArthur makes—e.g., for grand jury testimony—are covered by rulings of the court addressed above. The court's foregoing rulings apply to these requests. To the extent McArthur seeks greater relief, his motion is denied.

VIII

*Motion for Bill of Particulars*

McArthur moves the court to direct the government to serve a written bill of particulars stating (1) the names and whereabouts of other alleged coconspirators, and (2) specifically when, where, and how he is alleged to have participated in the conspiracy. The court denies the motion.

The purpose of a bill of particulars is to provide the defendant with sufficient notice of a charge so that he may prepare an adequate defense and to minimize surprise at trial. *United States v. Carlock,* 806 F.2d 535, 550 (5th Cir. 1986). The test for whether a bill of particulars is necessary is whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges against him to enable him to prepare for trial. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981) (quoting *United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978));

*see United States v. Gorel*, 622 F.2d 100, 104 (5th Cir. 1979). A defendant may not use a bill of particulars to obtain a detailed disclosure of the government's evidence prior to trial. *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978) (citting *United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1973)). The decision to grant a bill of particulars is entrusted to the court's discretion. *Carlock*, 806 F.2d at 550.

The superseding indictment, filed on April 4, 2007, specifically identifies the other coconspirators and outlines in sufficient detail how, when, and where the alleged illegal acts or transactions occurred. The court concludes that the superseding indictment sets out the elements of each offense charged and notifies McArthur of the substance of the charged offenses in sufficient detail that he can prepare for trial. McArthur's motion is therefore denied.

IX

*Motion for Disclosure and Production of Computer Hard Drives*

McArthur moves the court to order the government to produce the original computer hard drives seized from his personal computer and from personal computers of Ted Solomon, a defendant in another case. He contends that the government has produced DVD-CD disks of the contents of the computers, that it has stated that it will copy the hard drives if he will forward them to Washington, D.C., and that this relief is insufficient to provide proper discovery. He states that, after consulting with experts, he has determined that it is necessary that he have access to the original hard drives so that he can verify the contents, and that it is necessary that an independent expert analysis be conducted, including of the "allocated" and "unallocated" portions of the hard drive. The government responds that it has provided McArthur with exact duplicates (mirror images) of the original hard drives and data storage devices, which include all "allocated" and

"unallocated" portions of the hard drive.

The court holds under Rule 16(a)(1)(E) that McArthur's counsel and an expert are entitled to inspect and copy or photograph the computer hard drives and data storage devices in question. This inspection and copying must be conducted under such conditions as the government may reasonably impose to ensure the integrity of the original hard drives and data storage devices in the condition they were in when seized, and to prevent issues from arising concerning their admissibility in evidence due to material changes in their condition. The government must produce them for inspection and copying by the deadline set forth *infra* at § XI.

X

The government requests that McArthur provide discovery and inspection in accordance with Rules 16(b) and (c), and Rules 12.1, 12.2, and 12.3. The court grants the request. Unless one of the foregoing Rules requires earlier disclosure, McArthur must comply with these obligations by the deadline set forth *infra* at § XI.

XI

Except as to materials covered by the Jencks Act, and the *in camera* disclosure obligation concerning handwritten notes and tape recordings of government agents and of government attorneys addressed *supra* at § II, the government and McArthur must comply with their disclosure and discovery obligations no later than July 30, 2007. As to materials covered by the Jencks Act, in accordance with the custom followed in the Northern District of Texas, the government must produce such materials on the business day preceding the day on which McArthur will begin his

cross-examination of the government witness in question.

**SO ORDERED.**

July 17, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE